THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Max E.
 Matthews, Appellant,
 
 
 
 
 

v.

 
 
 
 Charles H. Matthews,
 Ann J. Matthews, Elizabeth M. Coker, and Mary M. Matthews, Personal
 Representative of the Estate of Tillman B. Matthews, Jr., Defendants,
 
 
 of whom, Charles
 H. Matthews and Ann J. Matthews are, Respondents.
 
 
 
 
 

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2011-UP-016
 Submitted January 1, 2011  Filed January
25, 2011    

AFFIRMED

 
 
 
 Carrie Ann Warner and Max Nathan
 Pickelsimer, both of Columbia, for Appellant.  
 Charles J. Hupfer, Jr., of Florence, for
 Respondent Charles H. Matthews.
 Marian D. Nettles and E. LeRoy Nettles, Sr.,
 both of Lake City, for Respondent Ann Matthews.
 
 
 

PER CURIAM:  Following the death of their father, Max E. Matthews
 and his brother, Charles, were appointed personal representatives of his
 estate.  Four years later, the probate court removed Max from his position. 
 The circuit court affirmed the removal.  Max appeals, arguing the circuit court
 erred in affirming the probate court's order despite the probate court's (1) failure
 to comply strictly with statutory requirements regarding grounds for removal of
 a personal representative; (2) failure to comply strictly with statutory
 requirements that all interested persons receive actual notice of the hearing;
 (3) error in basing its removal of Max as a personal representative on the fact
 that he had brought an action in the circuit court alleging fraud against his
 co-personal representative, Charles, for Charles's failure to pursue assets
 improperly removed from Tillman prior to his death; and (4) error in inquiring
 into facts of other litigation that was on appeal and therefore not properly
 before the probate court.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to the statutory requirements regarding grounds for
 removal of a personal representative:  S.C.
 Code Ann. § 62-3-611 (2009 & Supp. 2010) (providing the probate court may
 remove the personal representative of an estate from his position "when removal
 would be in the best interests of the estate").  
2. As to
 the remaining issues:  Rule 210(h), SCACR
 ("[An] appellate court will not consider any fact which does not appear in
 the Record on Appeal."); Wilder Corp. v. Wilke, 330 S.C. 71, 76,
 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the [circuit court] to be preserved for appellate review."); Bonaparte
 v. Floyd, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987) (holding the burden of providing a record on appeal
 sufficient for intelligent review falls upon the appellant).  
AFFIRMED.  
FEW, C.J.,
 SHORT, J., and CURETON, A.J., concur.  

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.